**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EVELIO SANDOVA-GRIJALVA,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 08-71103

Agency No. A070-946-325

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 5, 2011**

Before:     B. FLETCHER, CLIFTON, and BEA, Circuit Judges.

Evelio Sandova-Grijalva, a native and citizen of Guatemala, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from the immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

---

  *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  **    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Santos-Lemus v. Mukasey*, 542 F.3d 738, 742 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

Even if Sandova-Grijalva's asylum application was timely, substantial evidence supports the agency's finding that his incident with the guerrillas did not rise to the level of persecution. *See Gu v. Gonzales,* 454 F.3d 1014, 1019-21 (9th Cir. 2006) (brief detention, beating and interrogation did not compel a finding of past persecution). In addition, given the changed country circumstances in Guatemala, and Sandova-Grijalva's inability to explain why anyone would be interested in him now, substantial evidence supports the agency's conclusion that petitioner has not established a well-founded fear of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1018 (9th Cir. 2003) ("[T]he IJ and the BIA are entitled to rely on all relevant evidence in the record, including a State Department report, in considering whether the petitioner has demonstrated there is good reason to fear future persecution."). Therefore, his asylum claim fails.

Because Sandova-Grijalva failed to establish eligibility for asylum, he necessarily fails to meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir. 2006).

08-71103

Additionally, substantial evidence supports the BIA's finding that Sandova-Grijalva failed to show it is more likely than not he will be tortured if returned to Guatemala. *See Arteaga v. Mukasey*, 511 F.3d 940, 948-49 (9th Cir. 2007). Accordingly, his CAT claim fails.

Finally, because Sandova-Grijalva did not exhaust his due process claim, this court lacks jurisdiction to review it. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (alleged error of lack of opportunity to present case was procedural in nature and required to be exhausted).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**